IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE GLENN, formerly an inmate at Allegheny County Jail, | CIVIL ACTION – LAW |
| Plaintiff, | No. |
| v. | |
| THE COUNTY OF ALLEGHENY, THE ALLEGHENY COUNTY JAIL, RAMON C. RUSTIN, Warden, Allegheny County Jail and WILLIAM L. EMERICK, Assistant Deputy Warden, Allegheny County Jail, | |
| Defendants. | |

## COMPLAINT IN CIVIL ACTION

**AND NOW**, comes Plaintiff, MAURICE GLENN, by and through his counsel, ARTHUR BLOOM, ESQUIRE, MICHAEL V. WORGUL, ESQUIRE, and ARTHUR BLOOM & ASSOCIATES, LLC, and files the within COMPLAINT IN CIVIL ACTION, and in support thereof, avers the following:

## THE PARTIES

1. The Plaintiff, Maurice Glenn, (hereinafter referred to as "GLENN") is an adult individual residing at 5222 Penn Avenue, Pittsburgh, County of Allegheny, Commonwealth of Pennsylvania 15224, and at all times relevant herein was, *inter alia*, an inmate at Defendant

Allegheny County Jail, and in the custody, control and supervision of Defendant The County of Allegheny and its agents, employees and/or servants.

2. The Defendant, The County of Allegheny (hereinafter referred to as "Allegheny County") is responsible for the operations, maintenance, promulgation of policies and procedures, and for the employees, agents and/or servants of the Defendant, Allegheny County Jail.

3. The Defendant, Allegheny County Jail (hereinafter referred to as "ACJ") is a county correctional institution operated by Defendant, Allegheny County, located at 950 Second Avenue, Pittsburgh, PA 15219.

4. The Defendant, Ramon C. Rustin, (hereinafter referred to as "RUSTIN") is the Warden of Defendant ACJ, and at all times relevant hereto, was the individual responsible, *inter alia*, for the ACJ's operations and implementation of its policy and procedures. Further, RUSTIN is responsible for overseeing each and every Defendant ACJ employee, agent and/or servant, namely and specifically, Defendant Deputy Assistant Warden, William L. Emerick.

5. The Defendant, William L. Emerick (hereinafter referred to as "EMERICK"), is an employee, agent and/or servant of Defendant ACJ and Defendant RUSTIN, and at all times relevant hereto, *inter alia*, was responsible for implementation of the policy and procedure established and promulgated by the Defendant Allegheny County, Defendant ACJ and Defendant RUSTIN.

6. That, at all times relevant hereto, each and every Defendant acted under color of state law.

## JURISDICTION

7. The United States District Court for the Western District of Pennsylvania has jurisdiction over this matter pursuant to 28 U.S.C. §1331 et seq. and 28 U.S.C. §1367(a).

## FACTS

8. Plaintiff GLENN was, and remains, a defendant in two (2) criminal indictments in Allegheny County, Commonwealth of Pennsylvania.

9. That in the first (1st) criminal indictment filed at CC200007847, Plaintiff GLENN entered a guilty plea in the Court of Common Pleas, Allegheny County, Commonwealth of Pennsylvania, to one (1) count of Driving Under the Influence.

10. That as a result of the aforesaid guilty plea, Plaintiff GLENN was sentenced to a period of incarceration of one (1) to two (2) years, with alternative housing and work release privileges, and a period of three (3) years of county supervised probation running consecutive to the completion of parole.

11. That in the second (2nd) criminal indictment filed at CC200014041, Plaintiff GLENN entered a guilty plea in the Court of Common Pleas, Allegheny County, Commonwealth of Pennsylvania, to one (1) count of Driving Under the Influence.

12. That as a result of the aforesaid guilty plea, Plaintiff GLENN was sentenced to a period of incarceration of ninety (90) days to one (1) year, with alternative housing and work release privileges, and a period of three (3) years of county supervised probation running consecutive to the completion of parole, with the instant sentence running consecutive to the sentence imposed at CC200007847.

13. That on or about August 17, 2005, Plaintiff GLENN was taken into custody by the Pennsylvania Board of Probation and Parole for two (2) alleged technical violations of his probation.

14. That as a result of the aforesaid alleged probation violations, documents were filed by the Pennsylvania Board of Probation and Parole lodging a detainer against Plaintiff GLENN, resulting in the detention of Plaintiff GLENN at the Defendant ACJ.

15. That on or about October 17, 2005, The Honorable Kathleen A. Durkin, Court of Common Pleas, Allegheny County, Commonwealth of Pennsylvania, entered an Order of Court lifting the detainer lodged against Plaintiff GLENN, and directing the Defendant ACJ to release Plaintiff GLENN from the Defendant ACJ.

16. That on or about October 17, 2005, and before the close of business, the staff for the Judge Durkin, notified the Defendant ACJ, by means of facsimile transmission, of the aforesaid Order entered by Judge Durkin.

17. That the Defendant ACJ, by and through its employees, agents and/or servants, Defendant RUSTIN and Defendant EMERICK, refused to comply with the aforesaid Order of Court and refused to release Plaintiff GLENN from custody, continuing to detain Plaintiff GLENN in the Defendant ACJ.

18. That despite numerous inquiries by Plaintiff GLENN's counsel and others, including the staff of Judge Kathleen A. Durkin, the Defendant ACJ, by and through its employees, agents and/or servants, Defendant RUSTIN and Defendant EMERICK, refused to release Plaintiff GLENN from the Defendant ACJ until on or about October 21, 2005, at approximately 7:00 P.M.

19. That the wrongful detention of Plaintiff GLENN, from October 17, 2005, through October 21, 2005, by the Defendant ACJ, by and through its employees, agents and/or servants, Defendant RUSTIN and Defendant EMERICK, was illegal, unjust, and without any statutory or judicial authority.

20. That the wrongful detention of Plaintiff GLENN, from October 17, 2005, through October 21, 2005, by the Defendant ACJ, by and through its employees, agents and/or servants, Defendant RUSTIN and Defendant EMERICK, was in direct contravention of the Order of Court entered and issued by Honorable Kathleen A. Durkin.

21. As a direct and proximate result of the said acts of the aforesaid Defendants, Plaintiff GLENN suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

   b. Loss of his physical liberty;

   c. Emotional injuries including stigma, humiliation, fright, and emotional trauma;

   d. Deprivation of the ability to enjoy the ordinary pleasures of life;

   e. Pecuniary loss of wages, including gross wages and ancillary compensation;

   f. Impairment of future earning capacity;

   g. Loss of other pecuniary benefits had Plaintiff GLENN not been injured as a result of Defendants' seizure of Plaintiff GLENN; and,

   h. All other damages and/or losses permitted by law.

22. That, at all times material hereto, the Defendants knew or should have known that the detention of Plaintiff GLENN was illegal, unjust, without authority, and in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article Eight of the Constitution of the Commonwealth of Pennsylvania.

# COUNT I – FALSE IMPRISONMENT

**Maurice Glenn v. The County of Allegheny, The Allegheny County Jail, Ramon C. Rustin, Warden, The Allegheny County Jail and William L. Emerick, Assistant Deputy Warden, The Allegheny County Jail**

23. Plaintiff incorporates herein by reference Paragraphs one (1) through twenty-two (22) of this Complaint in Civil Action as if fully set forth herein at length.

24. The following incident(s) and all of Plaintiff GLENN's damages were fully and proximately caused by the intentional and wrongful acts of the Defendants, jointly and severally, in general and in the following particulars:

   a. In detaining Plaintiff GLENN unlawfully at the Defendant ACJ for a period of ninety-six (96) hours;

   b. In continuing to detain Plaintiff GLENN after the Honorable Kathleen A. Durkin ordered that Plaintiff GLENN be released from the Defendant ACJ;

   c. In continuing to detain Plaintiff GLENN after numerous inquiries made by Plaintiff GLENN's counsel and others as to the continued detention of Plaintiff GLENN;

   d. In detaining Plaintiff GLENN in the Defendant ACJ absent any other judicial authority issuing a detainer or warrant detaining Plaintiff GLENN in the Allegheny County Jail; and,

   e. In refusing to release Plaintiff GLENN from the Defendant ACJ, when the Defendants knew, or should have known that Plaintiff GLENN was being held illegally and/or unjustly.

**WHEREFORE**, Plaintiff GLENN demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, costs, interest and other such relief as this Honorable Court may deem appropriate in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

### COUNT II – VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. §1983

**Maurice Glenn v. The County of Allegheny, The Allegheny County Jail, Ramon C. Rustin, Warden, The Allegheny County Jail and William L. Emerick, Assistant Deputy Warden, The Allegheny County Jail**

25. Plaintiff incorporates herein by reference Paragraphs one (1) through twenty-four (24) of this Complaint in Civil Action as if fully set forth herein at length.

26. That Defendant RUSTIN, at all times material to this Complaint in Civil Action, was responsible for promulgating and maintaining institution-wide regulations and policies at the Defendant ACJ including, but not limited to, regulations and policies relating to the rights and privileges of probation detainees incarcerated at the Defendant ACJ. Further, Defendant RUSTIN was responsible for overseeing each and every ACJ employee, namely and specifically, Defendant EMERICK.

27. That Defendant EMERICK, at all times material to this Complaint in Civil Action, was employed by Defendant ACJ, and was responsible for implementation of all institution-wide regulations and policies at the Defendant ACJ including, but not limited to,

regulations and policies relating to the rights and privileges of probation detainees incarcerated at the Defendant ACJ.

28. That all Defendants, despite having knowledge of Plaintiff GLENN being seized in violation of the Fourth and Fourteenth Amendments to the United States Constitution, fostered the extended detention of Plaintiff GLENN in the Defendant ACJ, despite the aforementioned Order of Court entered and issue by the Honorable Kathleen A. Durkin.

29. That, upon information and belief, it is the practice, policy and/or custom of the Defendant ACJ, by and through its employees, agents and/or servants, to ignore similar orders of court and refuse to release from custody said inmates.

30. That the Defendant ACJ's employees, agents and/or servants, knew, or should have known, that there existed no judicial or statutory authority for the extended wrongful detention of Plaintiff GLENN as described in the aforementioned paragraphs of this Complaint.

31. That, upon information and belief, the Defendants acted pursuant to the practices, policies and/or customs of the Defendant ACJ with deliberate indifference to Plaintiff GLENN's right to be free from illegal seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

32. The following incident(s) and all of Plaintiff GLENN's damages were fully and proximately caused by the intentional acts of the Defendants, jointly and severally, in general and in the following particulars:

   a. In detaining Plaintiff GLENN unlawfully at the Defendant ACJ for a period of ninety-six (96) hours;

   b. In continuing to detain Plaintiff GLENN after the Honorable Kathleen A. Durkin ordered that Plaintiff GLENN be released from the Defendant ACJ and placed in the custody of the House Arrest Division;

   c. In continuing to detain Plaintiff GLENN after numerous inquiries made by Plaintiff GLENN's counsel and others as to the continued detention of Plaintiff GLENN;

   d. In detaining Plaintiff GLENN at the Defendant ACJ absent any other judicial authority issuing a detainer or warrant detaining Plaintiff GLENN in the Allegheny County Jail; and,

   e. In refusing to release Plaintiff GLENN from the Defendant ACJ, when the Defendants knew, or should have known that Plaintiff GLENN was being held illegally and/or unjustly.

**WHEREFORE**, Plaintiff GLENN demands judgment against the Defendants, jointly and severally, for compensatory damages, punitive damages, costs, interest and other such relief as this Honorable Court may deem appropriate in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars.

## PLAINTIFF'S DEMAND FOR TRIAL BY JURY

Pursuant to rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff GLENN demands a trial by jury with respect to the claims and relief set forth herein.

      Respectfully submitted,

      **ARTHUR BLOOM & ASSOCIATES, LLC**

      By: /s/ Arthur Bloom, Esquire
      Arthur Bloom, Esquire
      PA I.D. No. 10731

      /s/ Michael V. Worgul, Esquire
      Michael V. Worgul, Esquire
      PA I.D. No. 93391

      The Grant Building, Suite 530
      310 Grant Street
      Pittsburgh, Pennsylvania 15219
      (412) 281-1899

Dated: December 14th 2005